**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000876
15-APR-2024
08:08 AM
Dkt. 86 SO**

NO. CAAP-18-0000876


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, by its Attorney General,
Plaintiff-Counterclaim Defendant-Appellee, v.
DON HOWARD WILLIAMS, JR., TRUSTEE OF THE WILLIAMS OPPORTUNITY
TRUST; et al., Defendant-Counterclaimant-Appellant,
AMERUS LIFE INSURANCE COMPANY, an Iowa corporation;
Defendant-Appellee, JOHN DOES 1-100; MARY ROES 1-100;
DOE PARTNERSHIPS 1-100; DOE TRUST 1-100; DOE ENTITIES 1-100;
DOE ESTATES 1-100; and DOE CORPORATIONS 1-100,
Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CC131000724)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant-Counterclaimant-Appellant Don Howard

Williams, Jr., as Trustee of the Williams Opportunity Trust

(**Williams**)[1] appeals from the Circuit Court of the Second Circuit's October 10, 2018 Final Judgment.[2]

On appeal, Williams contends the circuit court erred in (1) denying his motion in limine to exclude evidence of the condemned property's valuation on a date other than the date of summons and (2) granting Plaintiff-Counterclaim Defendant-Appellee State of Hawaii's (**State**) motion in limine to value property solely on the basis of the undivided fee rule.

As a brief background, in 1994, the State Department of Land and Natural Resources' Division of Boating and Ocean Recreation (**DOBOR**) and Williams as an individual entered into a thirty-year lease covering his Mā'alaea property (**Property**) located adjacent to the Mā'alaea Small Boat Harbor. The lease stated DOBOR would occupy and use the Property "for marine and ocean recreation purposes, including:  a staging area during [Mā'alaea] Boat Harbor improvements, a maintenance baseyard, fish processing center, Marine Patrol operations, boat repair and dry storage of vessels and marine equipment."  (Emphasis omitted.)

---

[1]  Don Howard Williams, Jr. filed his answer and counterclaim as an individual in the Circuit Court of the Second Circuit.  The parties later filed a stipulation to substitute "Don Howard Williams, Jr., as Trustee of the Williams Opportunity Trust" as the real party in interest in place of Don Howard Williams, Jr.  (Formatting altered.)

[2]  The Honorable Rhonda I.L. Loo presided.

In 2013, the State filed a "Complaint in Eminent Domain" (**Complaint**) in circuit court, seeking to condemn the Property. It noted "[t]he public use to be served by the condemnation of the Property is the construction, preservation, and improvement of a public harbor to wit: [Mā'alaea] Small Boat Harbor development expansion at [Waikapū], Wailuku, Maui, [Hawai'i]." A summons date stamped June 27, 2013 was also appended to the Complaint.

The case, however, never went to trial. Instead, the parties settled after the circuit court ruled on two motions in limine.

In the first motion in limine, the State asked the circuit court to "(1) determine . . . the appropriate valuation procedure in this condemnation proceeding is based on Hawaii's undivided fee rule; and (2) exclude evidence or testimony of valuation based on the divided fee interests in the subject property." The circuit court granted the State's motion.

In the second motion in limine, Williams asked the circuit court to limit evidence of valuation under Hawai'i Revised Statutes § 101-24 (2012) to the date of the summons, June 27, 2013. Williams asked the circuit court to exclude the testimony of the State's appraiser, James Hallstrom (**Hallstrom**), because his valuation was dated fourteen days before the date of

3

summons. The circuit court granted in part and denied in part Williams' motion, concluding the date of summons was the date of valuation, but Hallstrom could testify as a valuation witness.

Based on these rulings, Williams noted "it's kind of pointless to go to trial." The parties settled and stipulated as follows:

1.  Williams was the owner of the Property;

2.  the public use to be served by the condemnation of the Property was "the construction, preservation and protection of" the Māʻalaea Small Boat Harbor development expansion;

3.  the public use required "the taking of the Property in fee simple absolute, free and clear of all liens and encumbrances";

4.  total just compensation and any damages "for the condemnation of the undivided fee simple estate of the Property on June 27, 2013 was $4,165,000.00";

5.  stipulated valuation of the undivided fee simple estate was based on the $4,165,000.00 estimated just compensation the State deposited with the Clerk of Court on July 2, 2013;

6.  following the "Stipulation and Order to Disburse Funds on Deposit with the Clerk of the Court" Aviva, a

mortgagee of the Property, received $2,510,857.61 and Williams received $1,654,142.39, "which together constitute all payments . . . required by the final judgment to be entered in this case";

7. there were "no other outstanding or unresolved claims"; and

8. final judgment would "be entered as to all claims, counterclaims, and parties, in favor of" the State and against all defendants.

In the stipulation, Williams reserved his right to appeal:

> Williams shall have the right to appeal the Judgment to seek reversal or vacatur of the Judgment and the court's orders and rulings, and in the event that such appeal results in a remand of these proceedings to this court, the parties, otherwise bound by the rulings of this court which are not reversed or vacated by an appellate court, shall not be bound by their stipulation herein that the total just compensation, and damages if any, for the condemnation of the undivided fee simple estate of the Property on June 27, 2013 was $4,165,000.00.

The circuit court entered final judgment in favor of the State and against Williams, dismissing "[a]ll other claims, cross-claims, . . . counterclaims, and . . . parties[.]" The circuit court determined the $4,165,000.00 "deposited with the Chief Clerk of this Court" was the total just compensation and damages payable for the taking; and the Williams Opportunity Trust with Williams as trustee was the owner of the Property.

The circuit court also entered the Final Order of Condemnation in the case pursuant to the final judgment and

provided the Property was "condemned for the construction, preservation, and protection of a public harbor, to wit: [Māʻalaea] Small Boat Harbor development expansion . . . and title to [the Property] is hereby vested in the State[.]" Williams timely appealed.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below.

**(1)** Williams contends the circuit court erred in denying his motion in limine to exclude evidence of the condemned property's valuation on a date other than the date of summons. Williams argues "[t]he circuit court should have precluded the State from presenting to the jury evidence about the value of the property on any date but June 27, 2013," the date of summons.

The circuit court held a hearing on Williams' motion in limine on June 1, 2017, and its order granting in part and denying in part Williams' motion in limine particularly relied on the grounds announced during that hearing. But a transcript of the June 1, 2017 hearing was not included in the record on appeal before this court. As Williams is the appellant in this case and contends error with the circuit court's decision on his

6

motion in limine, he bore the burden of requesting the transcript or including the transcript in the record. Hawaiʻi Rules of Appellate Procedure Rule 10(b)(1)(A) and (b)(4); Hous. Fin. & Dev. Corp. v. Ferguson, 91 Hawaiʻi 81, 92, 979 P.2d 1107, 1118 (1999) (leaving the trial court's decision in an eminent domain case undisturbed where appellant did not provide a relevant transcript, noting "the burden is upon appellant in an appeal to show error by reference to matters in the record, and [appellant] has the responsibility of providing an adequate transcript") (citation and bracket omitted).

With no transcript of the relevant hearing in the record on appeal, we will not conclude the circuit court's denial of Williams' motion in limine was reversable error.

**(2)** Williams also contends the circuit court erred in granting the State's motion in limine to value the Property solely on the basis of the undivided fee rule. Williams argues "the circuit court overlooked that valuing the income stream *is* valuing the fee simple estate." He further maintains the condemnation clause in the lease is "irrelevant to the calculation of compensation."[3]

---

[3] In its answer, the State argues *inter alia* that "[t]here can be no harm from the Court's preliminary rulings and no reversible error until the State's challenged evidence is actually offered to a jury[.]"

(continued . . .)

In its order granting the State's motion in limine, the circuit court found "the Undivided Fee Rule is the applicable valuation procedure under Hawaii law and the facts of this condemnation proceeding, and evidence or testimony of valuation based on the value of the divided fee interests in the subject property is excluded from the jury[.]"

Williams moved for reconsideration. In denying his motion for reconsideration, the circuit court found that "the condemnation clause in the lease is binding, and City and County of Honolulu v. Market Place, Ltd., 55 Haw. 226, 517 P.2d 7 (1973) makes clear that the State is only obligated to pay the fair market value of the unencumbered fee value."

In Market Place, the City and County of Honolulu initiated eminent domain proceedings for oceanfront land in order to extend Kapi'olani Park. 55 Haw. at 227, 517 P.2d at 11. As compensation for the taking, the circuit court ordered $86,373.61 payable to the lessee of the property and $950,198.00

---

(. . . continued)

Although the State correctly recites the law, the State's argument is disingenuous because as part of the settlement to avoid trial it stipulated Williams shall have a right to appeal for reversal or vacatur of the judgment and rulings of the circuit court. See supra at 5.

The State is cautioned that it has a duty of candor towards this court. See Hawai'i Rules of Professional Conduct Rule 3.3; 7 C.J.S. Attorney & Client § 87 (2024) (explaining "[t]he requirement of candor goes beyond simply telling a portion of the truth; it requires every attorney to be fully honest and forthright").

payable to the owner, which were two separate entities. 55 Haw. at 229, 517 P.2d at 12.

On appeal, the Hawaiʻi Supreme Court explained the general rule "of determining just compensation for property subject to several, independently held interests is to value it as an unencumbered freehold estate, with allocation of fair market value thus determined to be made thereafter among the various interests." 55 Haw. at 233, 517 P.2d at 14. This is the "undivided fee" rule. Id.

The supreme court held it was wrong for the circuit court to award $86,373.61 to the lessee as compensation for damages for developing the property. 55 Haw. at 234, 517 P.2d at 15. And it explained, "[t]hese expenditures are, at best, admissible as evidence of the land's enhanced value in the sense that the anticipated condominium project may have been brought closer to fruition thereby." Id.

The supreme court also explained that "market value is not limited to the value for the use to which the land is actually devoted, but it may have a potential use value." 55 Haw. at 242, 517 P.2d at 19 (cleaned up). "In determining potential use value, any competent evidence of matters, not merely speculative, which would be considered by a prospective vendor or purchaser or which tend[s] to enhance or depreciate

9

the value of property is admissible." Id. (cleaned up). "As the foregoing principles suggest, the general aim of proceedings in eminent domain is to arrive at an amount of just compensation which as nearly as possible approximates the value which a free market would attach to the taken property." Id.

If there is a reasonable argument for a probable use, "competent evidence tending to show the value of that use should be admitted." 55 Haw. at 243, 517 P.2d 20. "Perhaps the most important consideration in the valuation of income-producing property is the anticipated income from that property." Id. Although the proposed use in Market Place was in the planning stages, the supreme court opined "this factor alone should not operate to exclude competent evidence of the value . . . the market would apply to the enterprise in light of its chances of success; rather, it should affect the weight . . . the jury may properly give to such evidence." Id.

Unlike Market Place, here there is no separate lessee seeking an order for "damages." But the supreme court's analysis regarding admissible evidence remains on point.

Williams attached a portion of R.W. Spangler's (**Spangler**) appraisal of the leased fee interest in the Property to his opposition to the State's motion in limine.[4] At the

---

[4] Spangler's entire appraisal was attached to Williams' motion in limine.

hearing on the State's motion in limine, the circuit court stated it would grant the motion because the lease was terminated "so there [was] no property interest to be compensated for."

Spangler's appraisal was not rendered inadmissible simply because it was based on the leased fee interest the condemnation action ultimately terminated. The supreme court has explained, a condemnee "is permitted to 'advance any reasonable argument for a probable future use' when calculating just compensation for a taking." City & Cnty. of Honolulu by & through Honolulu Auth. for Rapid Transp. v. Victoria Ward, Ltd., 153 Hawaiʻi 462, 488, 541 P.3d 1225, 1251 (2023) (citation omitted). And, Market Place established a condemnee's asserted use "may be presented to a jury even if the asserted use is hypothetical and disputed." Id. Therefore, a future income stream from leasing the Property would not be speculative because Williams had received actual income from leasing the Property and appraisal of the leased interest could have been presented to a jury.

Thus, to the extent the circuit court's granting of the State's motion in limine precluded admission of possible future lease income as evidence in determining the value of just

11

compensation for taking Williams' property, the circuit court abused its discretion.

For the above reasons, we vacate the circuit court's October 10, 2018 Final Judgment, and remand this case for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawai'i, April 15, 2024.

On the briefs:

Robert H. Thomas,
(Damon Key Leong Kupchak
Hastert),
for Defendant-
Counterclaimant-Appellant.

Daniel A. Morris,
Fawn Y.J. Yamada,
Deputy Attorneys General,
for Plaintiff-Counterclaim
Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge